CRAWFORD PECK et al. *v.* JOSEPH METCALF et ux.

On a motion to recommit a report of commissioners for partition, upon the ground, among others, that the reported division is unequal and unfair, the court will receive testimony upon that point.

*Semble.* That if the evidence shall show that the division proposed by the commissioners is grossly erroneous and unequal, the report will not be received, but be recommitted, or the subject-matter be referred to a new board of commissioners.

ACTION for partition of lands and tenements, in which judgment for partition was rendered at the March term, 1866, when, also, commissioners to make partition were appointed, who, at the same term, made report of their proceedings.

To this report the plaintiffs filed objections, viz. :—

1. That the commissioners state, in their report, that they examined the premises and estimated the relative value thereof; yet do not state what the value was, nor give the valuation of the several lots or either of them, so that it can be ascertained by the parties or the Court, from the report, whether they have made a partition according to the interests of the parties.

2. That the commissioners do not even say, in their report, that they have divided said estate between the parties according to their respective rights, but have made an arbitrary division thereof, by assigning particular lots of land to the several parties, apparently without any regard to the relative values of said lots.

3. That the said division is unequal and unjust, and not in accordance with the rights of the parties; that the lots Nos. 1 and 2, assigned to said Joseph Metcalf and wife, are, in fact, worth more than all the rest of the farm, including the wood-lot

divided between said parties; that the soil on said two lots is very good, while the soil on the lot assigned to the plaintiffs is very poor, producing nothing of consequence ; that all the buildings,—to wit, a dwelling house, barn, shop or crib,—are on the two lots assigned to said Metcalf and wife, while there are no buildings at all on the lot No. 3, assigned to the plaintiffs.

4. That the commissioners have made a mistake in estimating the relative values of the lots Nos. 1, 2 and 3, of more than a hundred dollars in favor of said Metcalf and wife, and by assigning to them the best of the land and all the buildings, have greatly injured the plaintiffs and made an unjust and partial division.

For the reasons here stated, the plaintiffs moved that the report be recommitted, or that new commissioners be appointed, to the end that a just and equitable division of the property might be made according to the interests of the parties.

*Borden, for the plaintiffs :*—

The court has the power to reject the report and recommit it, or make partition themselves, and upon the ground that the committee or commissioners have made an unequal division. *Lever* v. *Lever*, 8 Mass. 131 ; *Thayer* v. *Thayer*, 3 Pick. 396 ; *Morril* v. *Morril*, 5 N. H. 329 ; *Thain* v. *Smith*, 1 Carter (Ind.), 451 ; *Nilhelm* v. *Nilhelm*, 4 Md. C. Dec. 330 ; *Curtis* v. *Snead*, 12 Gratt. (Va.), 260 ; *Boyd* v. *Doty*, 8 Ind. 370. The partition conveys no title till confirmed by the Court. *Cahoon* v. *Read*, 26 Miss. 414. The commissioners should be governed by the value and not the quantity. *Field* v. *Hanscomb*, 15 Maine, 365. Inequality in value as well as inequality in quantity is good cause for setting aside a report of commissioners of partition, and such inequality may be shown by affidavit. *Riggs* v. *Dickinson*, 2 Scam. 437. The court, under their general power to grant reviews in petitions for partition, will do so after final judgment on such petitions, if it is discovered that the commissioners have made a mistake in their partition. *Wilbor* v. *Dyer*, 39 Maine, 169. So the court will set aside the report for error of judgment, as well as for fraud or partiality. And where the inequality is very great, the report will be set aside without impeachment of the

honesty of the commissioners, for error of judgment. *Jewett* v. *Scott,* 19 Texas, 567. And the testimony of the commissioners will add nothing to their report, or the facts stated therein, or explain the facts omitted therein. Ibid.

*Payne & Colwell, for the defendants:*—

1. There is nothing in the objection, that the report of the commissioners does not state what the value of the whole premises or of the several lots was. The statute does not require this. Rev. Stats. ch. 203, p. 511. 2. The same may be said of the second objection. The commissioners will be presumed to have acted rightly. 3. There being no allegation of fraud, this Court cannot revise the judgment of the commissioners. This would be to give a right of appeal upon a question of fact where none is given by the statute. *Boston Water Power Co.* v. *Gray,* 6 Met. 131. For an error of judgment on the part of the commissioners, the law gives no redress. 4. There is no such fact as is stated in the fourth objection, apparent on the record, and it cannot otherwise be made apparent.

BRAYTON, J. The principal objection against the report is that it is unjust and unequal,—that the portion of the estate assigned to one party is of much greater value than the portion assigned to the other.

The reply made on the other side is, that there is nothing in proof before us, and the question made here is, whether we here can go into evidence upon the subject.

We find, in the cases from other States, that it is the practice to receive evidence upon cases like this; and I suppose this practice has grown up from the fact that commissioners proceed to divide estates upon their own judgment, and do not receive testimony, and therefore there is no testimony to be reported if asked for. We have come to the conclusion, therefore, that this must be admitted; and, if it can be shown that the division is grossly erroneous and unequal, the Court must have some supervision over it, and not render the report of the commissioners conclusive, without inquiry.

[The report was recommitted.]